UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| KIMBERLY J. STIGALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 10-27-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL ASTRUE, | ) | **MEMORANDUM ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On January 10, 2011, this Court granted, in part, Plaintiff Kimberly Stigall's motion for summary judgment and remanded this action to the Commissioner of Social Security for further administrative proceedings. [Record Nos. 13, 14] Approximately three months later, Stigall's attorney filed an application for attorney fees under the Equal Access to Justice Act ("EAJA") as the prevailing party. [Record No. 15]

This Court has previously held in a number of decisions that, where an attorney fails to demonstrate that the claimant he or she represents is contractually obligated to pay attorney fees for legal services performed as a result of a remand for further administrative proceedings, neither he nor his attorney may seek an award for legal services under the EAJA. *Turner v. Astrue, Commissioner of Social Security*, 2010 U.S. Dist. LEXIS 96561 (E.D. Ky., Sept. 14, 2010); *Hodge v. Astrue, Commissioner of Social Security*, 2010 U.S. Dist. LEXIS 110706 (E.D. Ky., Oct. 18, 2010); *Wethington v. Astrue, Commissioner of Social Security,* 2010 U.S. Dist.

LEXIS 96371 (E.D. Ky., Sept. 14, 2010); *Dauwe v. Astrue, Commissioner of Social Security*, 2011 U.S. Dist. LEXIS 13407 (E.D. Ky., Feb. 8, 2011). In the present case, counsel for Plaintiff Stigall has failed to demonstrate that Stigall is contractually obligated to pay the attorney fees sought through the present motion. Instead, counsel has filed an assignment dated April 5, 2011, in which the Stigall consents to payment of fees under the EAJA to her attorney, Rhonda Hatfield-Jeffers. This document does not constitute a contractual obligation to pay attorney fees. Therefore, the Court concludes that such fees have not been "incurred" under the EAJA.

Accordingly, it is hereby **ORDERED** that the application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, [Record No. 15] is **DENIED**.

This 7th day of April, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge